Lawrence A. Cohen, Appellant, v Employers Reinsurance Corporation, Respondent.

First Department, June 12, 1986

436

### APPEARANCES OF COUNSEL

*Lawrence A. Cohen* of counsel *(Rankow, Cohen & Isaac, P. C.,* attorneys), for appellant.

*Paul Verbesey* of counsel *(Alan M. Kramer* with him on the brief; *Lanzone & Kramer,* attorneys), for respondent.

### OPINION OF THE COURT

FEIN, J.

Plaintiff, an attorney, brought this action for a declaration that defendant insurance company is obligated to defend and indemnify him against claims arising in an accounting proceeding in Surrogate's Court, Nassau County. Plaintiff relies on a malpractice insurance policy issued to him by defendant. Section I of the policy reads, in pertinent part, as follows: "COVERAGE A—INDIVIDUAL COVERAGE. The Corporation does hereby agree to insure and indemnify the Assured against loss in excess of the Assured's retention and within the limit herein expressed, *on account of liability imposed upon the Assured by law for damages caused by any act or omission of the Assured,* or of any person for whose acts the Assured is legally liable, *and arising out of the performance of professional services for others in the Assured's capacity as a lawyer as respects claims arising out of such acts or omissions* occurring during any indemnity period or as respects claims first made against the Assured during any indemnity period and arising out of such acts or omissions occurring prior to the effective date of this policy". (Emphasis supplied.)

The basis of plaintiff's claim has its origin in a will plaintiff prepared for one Joseph B. Newhoff (Newhoff). The will provided for the establishment of testamentary trusts for the

benefit of testator's children and wife. Plaintiff and one George Angels, an associate of the testator in the insurance brokerage business, were designated as cotrustees. The source of the trust funds was to be commissions arising from renewals of insurance policies previously sold by Newhoff. After Newhoff's death, plaintiff assumed and performed his duties as trustee of the trusts created pursuant to Newhoff's will. Thereafter, the beneficiaries filed objections to the accounts of plaintiff and his cotrustee. A full accounting proceeding in Surrogate's Court, Nassau County, was directed.

Plaintiff requested that defendant appear on his behalf in the accounting proceeding. Defendant declined, asserting that the claims did not arise from plaintiff's actions in his capacity as an attorney. However, when the same beneficiaries brought a malpractice action against plaintiff in his capacity as attorney, the insurance company appeared and defended on plaintiff's behalf. The accounting proceeding and legal malpractice action were thereafter consolidated for disposition.

The Nassau County Surrogate found that the cotrustees had improvidently invested the corpus of the trusts in highly speculative real estate investment trusts (REITS). The Surrogate surcharged them jointly and severally in the approximate sum of $195,000. The Surrogate dismissed the legal malpractice claims on the ground that no privity existed between the beneficiaries and plaintiff in his capacity as a lawyer.

Special Term dismissed this declaratory judgment action on defendant's motion on the ground that the policy is limited to coverage arising from plaintiff's activity in his capacity as a lawyer. It could not be relied upon for indemnification with respect to the surcharge imposed upon plaintiff in his capacity as a cotrustee.

■ ■ We agree that the policy did not cover plaintiff's activities as a trustee, and hence, that defendant had no obligation to defend plaintiff or to indemnify him with respect thereto. However, we modify the determination of Special Term dismissing the complaint by declaring in favor of defendant that it has no obligation to defend or indemnify plaintiff with respect to claims asserted against him in his capacity as cotrustee. Since this is a declaratory judgment action, the proper remedy is to declare for the successful party, not to dismiss the complaint *(Hirsch v Lindor Realty Corp.,* 63 NY2d 878; *Lanza v Wagner,* 11 NY2d 317, *appeal dismissed* 371 US 74).

It is well settled that in determining whether the insurer has a duty to defend, the issue turns upon whether the allegations of the complaint are within the scope of the risk covered by the policy *(International Paper Co. v Continental Cas. Co.,* 35 NY2d 322; *American Home Assur. Co. v Port Auth. of N. Y. & N. J.,* 66 AD2d 269). With respect to the obligation to defend, the question is whether the plaintiff can state facts which bring the insured within the coverage of the policy. The obligation to pay depends upon the outcome of the action. In short, the point of departure is a comparison of the language of the complaint in the underlying action and the language of the policy.

"If the allegations in the underlying action are, on their face, within the compass of the risk covered by the policy, the insurer is obliged to assume the defense of the action * * * Where the facts alleged clearly do not bring the case within the coverage of the policy, the insurer is free of such obligation". *(American Home Assur. Co. v Port Auth. of N. Y. & N. J.,* 66 AD2d, at p 277.) If the policy is written in such a manner as to be doubtful or uncertain in meaning, all ambiguities must be resolved against the insurer and in favor of the insured *(Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44; *Bronx Sav. Bank v Weigandt,* 1 NY2d 545). With respect to the obligation to pay, liability depends upon the basis for liability adjudicated against the insured in the underlying action *(Prashker v United States Guar. Co.,* 1 NY2d 584).

█ It is plain that the policy here in issue limits coverage to claims "arising out of the performance of professional services for others in the Assured's capacity as a lawyer". A professional liability policy such as this insures only against liability for claims arising out of the performance of professional services for others in the insured's profession *(Muhlstock & Co. v American Home Assur. Co.,* 117 AD2d 117). Where the facts alleged plainly do not bring the case within the coverage of the policy, there is no obligation to defend or pay *(Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, *rearg denied* 28 NY2d 859).

The Surrogate's opinion in our case very clearly states that the surcharge against plaintiff was imposed solely as a consequence of plaintiff's actions as a cotrustee, to wit, improvidently investing in speculative REITS. Concededly, the circumstances had their origin in plaintiff's action as a lawyer in drafting Newhoff's will. However, the claim by the beneficiaries in the accounting proceeding related to plaintiff's actions

as a trustee only, and not as a lawyer. It is noted that the cotrustee, who is not a lawyer, was similarly surcharged. There is no requirement that a trustee be a lawyer. The policy issued by defendant was to defend and indemnify plaintiff for any liability incurred by him in his capacity as a lawyer. Defendant provided that protection by defending plaintiff in the legal malpractice action brought by the trustee beneficiaries.

Since the policy is clear and unambiguous in its terms, it will be construed according to the plain and ordinary meaning of its terms *(Government Employees Ins. Co. v Kligler,* 42 NY2d 863; *National Union Fire Ins. Co. v Medical Liab. Mut. Ins. Co.,* 85 AD2d 851). The insuring clause of this policy clearly articulates the coverage of plaintiff in his "capacity as a lawyer". The issue is not whether a lawyer's duty to his clients is that of a fiduciary. The issue is rather whether plaintiff, acting as trustee, was engaged in the practice of law. There was no obligation either to defend or to indemnify plaintiff for claims premised upon what the Surrogate determined was a breach of duty as a testamentary trustee.

Accordingly, the order of Supreme Court, New York County (Seymour Schwartz, J.), entered October 16, 1984, granting defendant's motion to dismiss the complaint, should be modified, on the law, to the extent of declaring that defendant had no obligation to defend and indemnify plaintiff against claims arising from his actions taken as a fiduciary, and, as so modified, otherwise affirmed, without costs.

SULLIVAN, J. P., CARRO, ASCH and ELLERIN, JJ., concur.

Order, Supreme Court, New York County, entered on October 16, 1984, unanimously modified, on the law, to the extent of declaring that defendant had no obligation to defend and indemnify plaintiff against claims arising from his actions taken as a fiduciary, and, as so modified, otherwise affirmed, without costs and without disbursements.