■ ZURICH AMERICAN INSURANCE COMPANY et al., Appellants, v ARGONAUT INSURANCE COMPANY et al., Respondents. [611 NYS2d 262] —In an action, *inter alia,* for a judgment declaring that the defendant Argonaut Insurance Company is obliated to defend and indemnify the plaintiffs with respect to a personal injury action commenced against the plaintiff International Business Machines Corporation by the defendant

James E. Igoe, III, the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Hillery, J.), entered June 19, 1992, which denied their motion for summary judgment.

Ordered that the order is affirmed, with one bill of costs payable to the respondents Argonaut Insurance Company and Marriott Corporation.

It is axiomatic that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" *(Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). At bar, however, the plaintiffs failed to sustain their initial burden of demonstrating, as a matter of law, that the defendant Argonaut Insurance Company (hereinafter Argonaut) was required to defend and indemnify them in the underlying personal injury action against the plaintiff International Business Machines Corporation (hereinafter IBM). Although the plaintiffs claim that Argonaut is primarily responsible for providing coverage to IBM pursuant to an automobile insurance policy which named IBM as an additional insured, we note that the plaintiffs failed to include the subject policy in their submissions to the court. Under these circumstances, the Supreme Court properly declined to award summary judgment declaring that the defendant Argonaut is obligated to defend and indemnify the plaintiffs under the automobile insurance policy. Rosenblatt, J. P., Miller, Krausman and Florio, JJ., concur.