■ JOHN A. TARTAGLIA, Appellant, v HOME INSURANCE COMPANY, Respondent. [658 NYS2d 388] —In an action, *inter alia,* for a judgment declaring that the defendant has a duty to defend and indemnify the plaintiff in an action entitled *Wagner Stott Clearing Corp. v Celentano,* pending in the Supreme Court, New York County, under Index No. 112895/95, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 20, 1996, which denied his motion for declaratory and injunctive relief and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment declaring that the defendant has no obliga-

tion to defend or indemnify the plaintiff in the action entitled *Wagner Stott Clearing Corp. v Celentano,* pending in the Supreme Court, New York County, under Index No. 112895/95.

The plaintiff, John A. Tartaglia, was insured under a professional liability insurance policy for lawyers issued by the defendant Home Insurance Company (hereinafter Home). During the term of the policy, Tartaglia was sued in the Supreme Court, New York County, in an action entitled *Wagner Stott Clearing Corp. v Celentano* (hereinafter the underlying action). The complaint alleged that he devised and implemented a scheme to defraud his client's creditors. Home disclaimed any duty to defend or indemnify Tartaglia in the underlying action on the ground that the allegations of fraudulent misconduct did not fall within the scope of the policy. Tartaglia then brought this action against Home seeking declaratory and injunctive relief, as well as compensatory and punitive damages.

It is well settled that in determining whether an insurance carrier has a duty to defend under a professional liability policy, the court must compare the complaint against the insured with the language of the policy *(see, Cohen v Employers Reins. Corp.,* 117 AD2d 435, 438). If the underlying action falls within the scope of risk covered by the policy, the insurance carrier is obligated to defend *(see, American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 277). On the other hand, if the allegations, on their face, do not bring the case within the coverage of the policy, there is no duty to defend or indemnify *(see, Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 368).

The basic coverage provision of the Home policy clearly limits coverage to claims "caused by any act, error or omission * * * arising out of the rendering or failure to render professional services for others in the Insured's capacity as a lawyer". Inasmuch as there is no allegation of negligence arising out of Tartaglia's performance of professional services in his capacity as an attorney, the claim in the underlying action does not fall within the ambit of the policy *(see, Muhlstock & Co. v American Home Assur. Co.,* 117 AD2d 117; *Cohen v Employers Reins. Corp., supra).*

Moreover, the policy contains an exclusion clause, which states that the policy does not apply to "any judgement or final adjudication based upon or arising out of any dishonest, deliberately fraudulent, criminal, maliciously or deliberately wrongful acts or omissions". Although the duty to defend is

broader than the duty to indemnify *(see, International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 326), where the only theory of liability requires proof of intentional wrongdoing encompassed by the exclusion, the insurance carrier has no duty to indemnify and is therefore relieved of the obligation to defend *(see, Davis v Home Ins. Co.,* 1995 US Dist LEXIS 8848 [SD NY]; *American Home Assur. Co. v Diamond Tours & Travel,* 78 AD2d 801).

Also, inasmuch as Tartaglia failed to demonstrate that Home's disclaimer was unreasonably delayed or caused prejudice to his defense, Home was not estopped from denying coverage one month after receiving notification of the claim *(see, Frankart Distribs. v Federal Ins. Co.,* 616 F Supp 589, 593; *Corcoran v Abbott Sommers, Inc.,* 143 AD2d 874).

Since this was an action, *inter alia,* for a declaratory judgment, a judgment should be entered declaring the rights of the parties with respect to the subject matter of the litigation *(see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901; *American Home Assur. Co. v Port Auth.,* 66 AD2d 269, 273, *supra).* Copertino, J. P., Thompson, Santucci and Friedmann, JJ., concur.