■ AMERICAN MOTORISTS INSURANCE COMPANY et al., Appellants-Respondents, v GREATER NEW YORK MUTUAL INSURANCE COMPANY, Respondent-Appellant, et al., Defendant. [680 NYS2d 10] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 13, 1997, which, *inter alia*, denied plaintiffs' cross-motion for summary judgment, unanimously reversed, on the law, with costs and disbursements, the cross-motion granted, a declaration, as sought, made in plaintiffs' favor, and the matter remanded for an assessment of damages as to the reasonable value of the legal services rendered in behalf of Campaniello Imports, Ltd. in the defense of the underlying action.

In this declaratory judgment action, plaintiffs, Campaniello Imports, Ltd. and its liability insurer, American Motorists Insurance Company (AMIC), seek a declaration that defendant Harridge House Associates of 1984, Campaniello's landlord under a commercial lease, and Harridge's insurer, Greater

New York Mutual Insurance Company, must indemnify AMIC for a $200,000 payment it made in Campaniello's behalf in settlement of the underlying action and for counsel fees incurred by Campaniello in that action. The underlying action, involving a claim for water damage, was settled after a finding of liability against all of the defendants in that action, including Harridge. In 1988, before the commencement of its lease, Harridge had executed an indemnity and hold harmless agreement in favor of Campaniello for all costs and liability or damages, including reasonable counsel fees, incurred by Campaniello in connection with the specifically noted underlying action. In that action, Campaniello asserted, *inter alia*, a cross-claim against Harridge for contractual indemnification based on the indemnity agreement and was awarded judgment thereon.

In response to AMIC's request that it should take over Campaniello's defense in that action, Greater New York acknowledged that it provided Harridge with "contractual liability coverage" but nonetheless declined to provide a defense on the basis of a policy exclusion for assumed liability "if such injury or damage occurred prior to the execution of the [indemnification agreement]." Greater New York noted that the water leakage had been "a continuing tort which had its inception prior to" the execution of the indemnification agreement. Finding issues of fact with respect to certain provisions of Greater New York's policy, the IAS Court denied plaintiffs' cross motion for summary judgment. We reverse.

Plaintiffs made out a prima facie case for summary judgment. Greater New York's disclaimer letter, prepared and signed by its Vice President for Claims, unequivocally states that Harridge's policy with Greater New York provided contractual indemnification coverage. In addition, plaintiffs submitted a copy of the indemnification agreement and the judgment of indemnification in Campaniello's favor. Thus, their burden of proof was met. In order to defeat plaintiffs' right to summary judgment, established here by Greater New York's admission that Harridge's policy provided coverage for contractual indemnification, Greater New York had the burden to show that the claim fell within a policy exclusion. (*Neuwirth v Blue Cross & Blue Shield*, 62 NY2d 718, 719.) Defendants chose, instead, to ignore the merits of the coverage claim and argued, *inter alia*, AMIC's lack of privity and the inapplicability of Insurance Law § 3420 (b), neither of which has merit. Defendants failed to produce the insurance policy or its policy exclusions or any evidence that it did not cover the loss. A

party appearing in opposition to a motion for summary judgment must submit admissible proof and present evidentiary facts sufficient to raise a genuine triable issue of fact. (*Zuckerman v City of New York*, 49 NY2d 557, 562; *Smith v Johnson Prods. Co.*, 95 AD2d 675, 676.) Since defendants have failed to do so, plaintiffs are entitled to summary judgment. Concur—Sullivan, J. P., Wallach, Williams and Saxe, JJ.