■ DOROTHY N. MARSHALL, Respondent, v GORDON MARSHALL, Appellant. [695 NYS2d 595] —In an action for a divorce and ancillary relief, the defendant husband appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered June 18, 1998, as denied that branch of his motion which was to require the plaintiff wife to provide him with the adjusted tax cost basis for the marital residence, itemized details comprising the adjusted basis, and copies of supporting documentation, and (2) from an order of the same court, entered June 26, 1998, which denied his motion for a Qualified Domestic Relations Order making the plaintiff partially responsible for the income tax liability occasioned by his withdrawals from his pension.

Ordered that the order entered June 18, 1998, is modified by deleting the provision thereof denying those branches of the defendant's motion which were to require the plaintiff to provide him with the adjusted tax cost basis for the marital residence and itemized details comprising the adjusted basis, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered June 26, 1998 is affirmed, without costs or disbursements.

In a rider to the parties' stipulation of settlement the plaintiff agreed to provide the defendant with the adjusted basis for the marital residence, itemized details regarding any expenses, repairs, improvements, etc., comprising the adjusted basis, and the supporting data for the basis. The stipulation of settlement also provided that the plaintiff would consent to the entry of a Qualified Domestic Relations Order (hereinafter QDRO) for withdrawals from the defendant's pension made during the pendency of the action and that she waived any interest in his pension.

The court incorrectly found that the plaintiff was not required to provide the defendant with the adjusted basis for the marital residence and the itemized details comprising the adjusted basis. "It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations" (*Slamow v Del Col*, 174 AD2d 725, 726, *affd* 79 NY2d 1016; *see also, W.W.W. Assocs. v Giancontieri*, 77 NY2d 157). The language of the rider to the stipulation of settlement indicates that the plaintiff is required to calculate and provide the adjusted basis to the defendant with the itemized details comprising it. However, as noted by the court, the plaintiff has already provided the defendant with the required supporting documentation.

The court properly determined that the stipulation of settlement did not require the plaintiff to consent to the entry of a QDRO imputing a portion of the defendant's withdrawals from his pension as taxable income to her. Mangano, P. J., O'Brien, Sullivan and Goldstein, JJ., concur.