■ DONALD MAXWELL, Plaintiff, v TOYS "R" US-NY LTD. PARTNERSHIP et al., Defendants and Third-Party Plaintiffs-Respondents, and HANOVER INSURANCE, Third-Party Plaintiff-Respondent. ISLAND ACOUSTICS OF NEW YORK, INC., Third-Party Defendant-Respondent; ROYAL INSURANCE, Third-Party Defendant-Appellant. [702 NYS2d 651] —In an action to recover damages for personal injuries in which a third-party action and a second third-party action were commenced, *inter alia*, for a judgment declaring that Royal Insurance is obligated to defend and indemnify the defendant third-party plaintiff James A. Smith Contracting, Inc., and the defendant second third-party plaintiff Toys "R" US-NY Ltd. Partnership in the main action, the third-party defendant second third-party defendant Royal Insurance appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Dunn, J.), dated November 16, 1998, which, *inter alia*, (1) denied its motion for summary judgment dismissing the third-party complaint, the second third-party complaint, and all cross claims insofar as asserted against it, and declaring that the disclaimer and denial of coverage by the third-party plaintiff Hanover Insurance is invalid as a matter of law, and (2) granted that branch of the cross motion of the defendant third-party plaintiff James A. Smith Contracting, Inc., and the third-party plaintiff Hanover Insurance which was for summary judgment declaring that Royal Insurance is obligated to defend and indemnify James A. Smith Contracting, Inc., and Toys "R" US-NY Ltd. Partnership in the main action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment declaring that the disclaimer and denial of coverage by Hanover Insurance is invalid as a matter of law, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

At issue here is insurance coverage for personal injuries sustained by the plaintiff, Donald Maxwell, an employee of Island Acoustics of New York, Inc. (hereinafter Island) which was a subcontractor to James A. Smith Contracting, Inc. (hereinafter Smith), during renovations of a store operated by Toys "R" US-NY Ltd. Partnership (hereinafter Toys "R" US). The appellant Royal Insurance (hereinafter Royal) issued a policy to Island, which contained an "additional insureds" endorsement providing that "any coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured * * * unless a contract specifically requires that this insurance be primary". As noted by the Supreme Court, the subcontract between Island and the Smith specifically required Island to procure primary insurance covering Smith and Toys "R" US. Accordingly, Royal's coverage is primary as to Smith and Toys "R" US, and the Supreme Court properly denied that branch of Royal's motion which was to dismiss the third-party and second-third party complaints insofar as asserted against it.

Hanover Insurance (hereinafter Hanover) is a coinsurer with Royal for damages arising out of the accident (*see, Merchants & Bus. Men's Mut. Ins. v Savemart, Inc.,* 213 AD2d 607), pursuant to a blanket additional insured endorsement in Smith's policy, covering liability arising out of Smith's work for Toys "R" US. Hanover's denial of coverage is improper, since the record indicates that the accident arose out of the course of Smith's work for Toys "R" US (*see, Consolidated Edison Co. v United States Fid. & Guar. Co.,* 266 AD2d 9; *Tishman Constr. Corp. v CNA Ins. Co.,* 236 AD2d 211; *Lim v Atlas-Gem Erectors Co.,* 225 AD2d 304). Hanover's disclaimer, based upon "late notice of occurrence", was untimely as a matter of law (*see, Matter of Firemen's Fund Ins. Co. v Hopkins,* 88 NY2d 836; *Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *Murphy v Hanover Ins. Co.,* 239 AD2d 323).

Accordingly, both Royal and Hanover are obligated to defend and indemnify Smith and Toys "R" US in the main action. Bracken, J. P., Thompson, Goldstein and McGinity, JJ., concur.