■ HARTFORD FIRE INSURANCE COMPANY et al., Appellants, v JAMES LO BRUTTO et al., Defendants, and CNA INSURANCE COMPANY, Respondent. [711 NYS2d 639] —Spain, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered November 3, 1999 in Albany County, which, inter alia, denied plaintiffs' motion for summary judgment.

Plaintiff Hartford Fire Insurance Company commenced this action for a declaratory judgment declaring that the comprehensive general liability policy it issued to plaintiff L.A. Swyer (hereinafter Swyer), the general contractor on a construction site in the City of Albany, and the comprehensive general liability policy issued by defendant CNA Insurance Company to a subcontractor on the construction site provide concurrent coverage for Swyer's liability in a personal injury action arising out of an accident at the construction site. After issue was joined, plaintiffs moved for summary judgment granting the

requested declaratory relief. CNA cross-moved for summary judgment declaring that its policy provides only excess coverage. Supreme Court denied both motions, prompting this appeal by plaintiffs.

Concurrent coverage exists where multiple insurance policies provide primary insurance coverage for the same interest and against the same risk (see, Tops Markets v Maryland Cas., 267 AD2d 999; National Union Fire Ins. Co. v Hartford Ins. Co., 248 AD2d 78, 84, affd 93 NY2d 983). In this case, it is undisputed that the policies issued by Hartford and CNA provide coverage for the same interest and against the same risk, and that the coverage provided by Hartford's policy is primary. The only issue, therefore, is whether CNA's policy also provides primary coverage.

The policy issued by CNA to the subcontractor contains a blanket additional insured endorsement which "include[s] as an insured any person or organization (called additional insured) whom you are required to add as an additional insured on this policy under * * * [a] written contract". The endorsement also provides that "[a]ny coverage provided hereunder shall be excess over any other valid and collectible insurance available to the additional insured * * * unless a contract specifically requires that this insurance be primary or you request that it apply on a primary basis" (emphasis supplied). The parties' motion papers did not address the question of whether the subcontractor requested that the additional insured coverage apply on a primary basis. Accordingly, the focus of this appeal is on the language of the subcontract between Swyer and the subcontractor.

The subcontract required the subcontractor to obtain various types of insurance coverage, including comprehensive general liability insurance, with certain limits and have Swyer as a named insured to those limits. The subcontract further contained a list of required additional insureds which also included Swyer. Plaintiffs contend that the absence of any provision specifying that the coverage for Swyer apply on an excess basis, together with the requirement that Swyer be both a named insured and an additional insured, demonstrates that the subcontract was intended to require primary coverage for Swyer.

The flaw in plaintiffs' argument is that CNA's policy clearly and unambiguously provides excess coverage for Swyer unless the subcontract "specifically requires" that the coverage be primary. Thus, it is the absence of any specific requirement of primary coverage in the subcontract that is relevant to the concur-

rent coverage issue, rather than the absence of any specific provision that the coverage be excess. Nor can the subcontract's reference to Swyer as a named insured and additional insured be read as specifically requiring primary coverage. The provision is ambiguous at best and Swyer's acceptance of the certificate of insurance issued by CNA—which lists Swyer only as an additional insured—is inconsistent with plaintiffs' claim that the dual reference in the subcontract was intended by Swyer to be significant in determining the level of coverage required by the subcontract.

Plaintiffs' reliance on *Maxwell v Toys "R" Us* (269 AD2d 503) is misplaced. In the *Maxwell* case, it does not appear that the insurer who issued the policy containing the additional insured endorsement challenged Supreme Court's interpretation of the relevant subcontract as specifically requiring the subcontractor therein to obtain primary insurance coverage for additional insureds. Accordingly, it appears that the Second Department in *Maxwell* merely accepted Supreme Court's unchallenged interpretation of the contract. In addition, our review of the portion of the *Maxwell* record submitted by plaintiffs discloses that the insurance provisions of the subcontract herein are not substantially the same as those contained in the subcontract in *Maxwell*. Plaintiffs have failed to demonstrate their entitlement to judgment as a matter of law on the concurrent coverage issue and, therefore, Supreme Court correctly denied their motion for summary judgment.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.