■ PECKER IRON WORKS OF NEW YORK, INC., Appellant, v TRAVELER'S INSURANCE COMPANY, Respondent, et al., Defendants. [736 NYS2d 103] —In an action, inter alia, for a judgment declaring that the defendant Traveler's Insurance Company is obligated to defend and indemnify the plaintiff in an underlying action entitled *Jansen v C. Raimondo & Son,* pending in the Supreme Court, Suffolk County, under Index No. 1500/97, the plaintiff appeals from a judgment of the same court (Gowan, J.), entered November 27, 2000, which, upon the denial of its motion for summary judgment against the defendant Traveler's Insurance Company and the grant of that defendant's cross motion for summary judgment dismissing the

complaint insofar as asserted against it, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the action against the remaining defendants is severed, and it is declared that the defendant Traveler's Insurance Company is obligated to defend and indemnify the plaintiff in the underlying action entitled *Jansen v C. Raimondo & Son,* pending in the Supreme Court, Suffolk County, under Index No. 1500/97.

The plaintiff subcontracted work to Upfront Enterprises, Inc. (hereinafter Upfront) in connection with a construction project. Pursuant to the subcontract, Upfront secured insurance coverage naming the plaintiff as an additional insured. When the plaintiff made a claim under the policy, the insurance company disclaimed coverage stating that its policy was excess to the plaintiff's primary insurance.

"It is the primary rule of construction of contracts that when the terms of a written contract are clear and unambiguous, the intent of the parties must be found within the four corners of the contract, giving a practical interpretation to the language employed and the parties' reasonable expectations" (*Marshall v Marshall,* 264 AD2d 826, 827 [internal quotation marks omitted]; *see, Slamow v Del Col,* 174 AD2d 725, 726, *affd* 79 NY2d 1016). Here, the subcontract is clear and unambiguous, and the intention of the parties can be discerned from the four corners of the agreement which required Upfront to "furnish us with Certificates of Insurance for liability and Workers Compensation and name Pecker Iron Works, Inc. as an additional insured."

"A contractual provision which requires that a party be named as an additional insured in a liability policy has been interpreted to mean that the additional insured is insured for all liability arising out of the activities covered by the agreement" (*Ceron v Rector,* 224 AD2d 475, 476). Thus, there is no basis for the insurance company's contention that it was not obligated to provide primary coverage unless the terms of the subcontract specifically provided that the insurance applied on a primary basis. Absent a showing that the plaintiff was seeking excess coverage, we hold that the language of the agreement required Upfront to provide primary coverage (*see, Maxwell v Toys "R" Us-NY Ltd. Partnership,* 269 AD2d 503). Santucci, J.P., Florio, O'Brien and Schmidt, JJ., concur.