■ EMPIRE INSURANCE COMPANY, Respondent-Appellant, v INSURANCE CORPORATION OF NEW YORK, Appellant-Respondent, et al., Defendants. [836 NYS2d 228]—

In an action, inter alia, for a judgment declaring that the defendant Insurance Corporation of New York is obligated to defend and indemnify the defendant Great American Construction Corp. in an underlying action entitled *Polanco v Jasmine Court Hous. Dev. Fund Corp.*, pending in the Supreme Court, Bronx County, under index No. 18960/03, the defendant Insurance Corporation of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated October 3, 2005, as granted that branch of the plaintiff's motion which was for summary judgment declaring that it is obligated to defend the defendant Great American Construction Corp. in the underlying action and denied its cross motion for summary judgment declaring that it is not obligated to defend and indemnify the defendant Great American Construction Corp. in the underlying action, and the plaintiff cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment declaring that the defendant Insurance Corporation of New York is obligated to indemnify the defendant Great American Construction Corp. in the underlying action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment declaring that the defendant Insurance Corporation of New York is obligated to defend the defendant Great American Construction Corporation and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendant Insurance Corporation of New York.

It is axiomatic that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Here, however, the plaintiff Empire Insurance Company (hereinafter Empire) failed to sustain its initial burden of demonstrating, as a matter of law, that the defendant Insurance Corporation of New York (hereinafter ICNY) was required to defend and indemnify the defendant Great American Construction Corp.

(hereinafter Great American) in the underlying personal injury action. Although Empire claimed that ICNY is primarily responsible for providing coverage to Great American pursuant to a commercial general liability insurance policy which purportedly named Great American as an additional insured, Empire failed to include the subject policy in its submissions to the court (*see Zurich Am. Ins. Co. v Argonaut Ins. Co.*, 204 AD2d 314, 315 [1994]; *see also Tartaglia v Home Ins. Co.*, 240 AD2d 396, 397 [1997]).

Further, the subcontract between Great American and the defendant Valdez Demolition, Inc. (hereinafter Valdez), which Empire asserted was valid, was insufficient to support Empire's claim. "A provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated. In addition, contract language that merely requires the purchase of insurance will not be read as also requiring that a contracting party be named as an additional insured" (*Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2003]). Here, a plain reading of the language that appears in paragraphs 6 and 7 of the subcontract shows that the words "additional insured" were never used (*id.; see American Home Assur. Co. v Mainco Contr. Corp.*, 204 AD2d 500, 501 [1994]; *cf. Pecker Iron Works of N.Y. v Traveler's Ins. Co.*, 290 AD2d 426, 427 [2002]). The contract language simply requires Valdez to obtain both liability and workers' compensation coverage (*see Trapani v 10 Arial Way Assoc., supra*).

Moreover, a certificate of insurance which expressly states that it is "issued as a matter of information only and confers no rights upon the certificate holder," as does the certificate in this case, is insufficient, by itself, to show that such insurance had been purchased (*id.; see Penske Truck Leasing Co. v Home Ins. Co.*, 251 AD2d 478, 479-480 [1998]). At best, the certificate is ambiguous on its face (*see Natural Stone Indus., Inc. v Utica Natl. Assur. Co.*, 29 AD3d 758 [2006]).

Under these circumstances, the Supreme Court erred in granting Empire's motion since it failed to sustain its prima facie burden of demonstrating that it was entitled to judgment as a matter of law (*see Zurich Am. Ins. Co. v Argonaut Ins. Co., supra; Trapani v 10 Arial Way Assoc., supra; Natural Stone Indus., Inc. v Utica Natl. Assur. Co., supra*).

Similarly, ICNY failed to establish its entitlement to summary judgment since it did not submit the policy schedule defining the term "occurrence" as used in the policy (*see Guishard v General Sec. Ins. Co.*, 32 AD3d 528 [2006]).

Contrary to Empire's contentions, triable issues of fact exist as to whether ICNY's September 8, 2003 disclaimer letter in the underlying action involving Carlton Electrical constituted a waiver of its coverage defenses in the instant action (*see Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]). Schmidt, J.P., Rivera, Covello and Balkin, JJ., concur.