■ CENDANT CAR RENTAL GROUP et al., Respondents, v LIBERTY MUTUAL INSURANCE COMPANY et al., Appellants, et al., Defendant. [852 NYS2d 190]—

In an action for a judgment declaring that the defendant Liberty Mutual Insurance Company is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Minguzzi v Trade Zone Truck Rental,* pending in the Supreme Court, Queens County, under index No. 13799/04, the defendants Liberty Mutual Insurance Company and Graebel Companies, Inc., doing business as Graebel Movers, Inc., appeal from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 11, 2006, which granted the plaintiffs' motion for summary judgment declaring that the defendant Graebel Companies, Inc., doing business as Graebel Movers, Inc., through its insurer, the defendant Liberty Mutual Insur-

ance Company, is obligated to defend and indemnify them in the underlying action.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment is denied.

The defendant David Padilla, an employee of the plaintiff Graebel Companies, Inc., doing business as Graebel Movers, Inc. (hereinafter Graebel), was driving a truck rented from the plaintiff Budget Rent A Car Systems, Inc. (hereinafter Budget), when it was involved in an accident with another vehicle. A passenger in the other vehicle commenced a personal injury action against, among others, the plaintiff Trade Zone Truck Rental (hereinafter Trade Zone), Budget's dispatching dealer. The plaintiff Cendant Car Rental Group (hereinafter Cendant) is the parent company of both Budget and Trade Zone.

Cendant, Budget, and Trade Zone commenced this action for a judgment declaring that the defendant Liberty Mutual Insurance Company (hereinafter Liberty Mutual), Graebel's insurer, is obligated to defend and indemnify them in the underlying action. The Supreme Court granted the plaintiffs' motion for summary judgment. We reverse.

The plaintiffs failed to establish their prima facie entitlement to summary judgment declaring that Liberty Mutual is required to defend and indemnify them in the underlying personal injury action (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). Although the plaintiffs claimed that pursuant to the rental agreement, Liberty Mutual, as Graebel's insurer, was the primary insurer above the statutorily-mandated coverage (*see ELRAC, Inc. v Ward,* 96 NY2d 58 [2001]), in support of their motion, they failed to submit a signed copy of the rental agreement or a copy of the policy of insurance issued by Liberty Mutual to Graebel (hereinafter the Liberty Mutual policy) (*see Zurich Am. Ins. Co. v Argonaut Ins. Co.,* 204 AD2d 314, 315 [1994]). Moreover, the certificate of insurance proffered in support of their motion, which expressly stated that "it is issued as a matter of information only and confers no rights upon the certificate holder," was insufficient to support their contention that they were additional insureds under the Liberty Mutual policy (*see Trapani v 10 Arial Way Assoc.,* 301 AD2d 644, 647 [2003]; *Penske Truck Leasing Co. v Home Ins. Co.,* 251 AD2d 478, 479 [1998]; *American Ref-Fuel Co. of Hempstead v Resource Recycling,* 248 AD2d 420, 423 [1998]). Since the plaintiffs failed to meet their burden, the sufficiency of the opposing papers need not be considered (*see generally Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Consequently, the

Supreme Court should have denied the plaintiffs' motion for summary judgment.

In light of the foregoing, the appellants' remaining contention need not be reached. Skelos, J.P., Santucci, Lifson and Covello, JJ., concur.