■ Scott Gonnerman, Respondent, v State of New York, Defendant and Third-Party Plaintiff-Respondent. Merchants Insurance Group, Third-Party Defendant-Appellant. [852 NYS2d 253]—

In a claim to recover damages for personal injuries, the third-party defendant Merchants Insurance Group appeals from an order of the Court of Claims (Nadel, J.), dated January 10, 2006, which denied its cross motion for summary judgment declaring that it is not obligated to defend and indemnify the defendant third-party claimant State of New York in the main claim or, in the alternative, for summary judgment dismissing the main claim, and granted that branch of the motion of the State of New York which was for summary judgment declaring that the third-party defendant is obligated to defend it in the main claim.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the State of New York which was for summary judgment declaring

that the third-party defendant is obligated to defend it in the main claim, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant third-party claimant the State of New York contends that it is an additional insured under one or more insurance policies issued by the third-party defendant Merchants Insurance Group (hereinafter Merchants) to a certain contractor known as Lighting Maintenance, Inc. While Merchants admits the existence of the subject policy or policies, it denies that the State is an additional insured thereunder and claims that, in any event, the subject policy or policies afford no coverage for the underlying accident. Although both sides moved for summary judgment on the third-party claim, neither tendered a copy of the relevant insurance policy or policies.

Contrary to the State's contention, copies of certificates of insurance, without more, are insufficient to establish the existence of coverage for the underlying accident. Because the relevant policy language is not before us, it is impossible to determine whether Merchants is obligated to defend and indemnify the State under the facts presented (*see Empire Ins. Co. v Insurance Corp. of N.Y.,* 40 AD3d 686, 687-688 [2007]; *Zurich Am. Ins. Co. v Argonaut Ins. Co.,* 204 AD2d 314, 315 [1994]). Thus, the Supreme Court erred in declaring that Merchants was obligated to defend the State in the main claim. On this record, neither side is entitled to a declaration on the issue of coverage (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]).

Moreover, Merchants' alternative contention that the main claim should be dismissed on the ground of qualified immunity is without merit, as Merchants failed to establish its prima facie entitlement to judgment as a matter of law on that ground (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]). Fisher, J.P., Lifson, Carni and McCarthy, JJ., concur.