■ BURKHART, WEXLER & HIRSCHBERG, LLP, et al., Appellants, v LIBERTY INSURANCE UNDERWRITERS, INC., Respondent. [875 NYS2d 590]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiffs in an underlying action entitled *Financial Advisors Legal Association, Inc. v Wexler & Burkhart, P.C.,* commenced in the United States District Court for the Eastern District of New York under case No. 07 Civ 2248, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated March 14, 2008, as granted that branch of the defendant's motion which was, in effect, for summary judgment declaring that it was not obligated to defend and indemnify the plaintiffs in the underlying action, and denied that branch of their cross motion which was for summary judgment declaring that the defendant was so obligated.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiffs in the underlying action.

The plaintiffs Burkhart, Wexler & Hirschberg, LLP, Stephen B. Wexler, Errol A. Burkhart, David Hirschberg, and Norman B. Arnoff (hereinafter collectively the Burkhart Firm), were insured under a professional liability insurance policy for lawyers (hereinafter the policy) issued by the defendant, Liberty Insurance Underwriters, Inc. (hereinafter Liberty). During the term of the policy, the Burkhart Firm was sued in an action entitled *Financial Advisors Legal Association, Inc. v Wexler & Burkhart, P.C.* (hereinafter the underlying action). In the underlying complaint, Financial Advisors Legal Association, Inc. (hereinafter FA Legal), asserted claims for relief against the Burkhart Firm for "wanton, willful and malicious" breach of fiduciary duty for misappropriating FA Legal's confidential information and trade secrets; tortious interference with contract for using this information to attempt to convert FA Legal's members and prospective members to a newly-formed competing business entity; and for "wanton, willful and malicious" misappropriation of trade secrets.

Liberty disclaimed any duty to defend or indemnify the Burkhart Firm in the underlying action on the ground that the allegations did not fall within the scope of the policy. The Burkhart Firm then commenced this action against Liberty seeking, inter alia, a declaration that Liberty was obligated to defend and indemnify it in the underlying action.

In determining whether an insurance carrier has a duty to defend under a professional liability policy, the point of departure is a comparison between the complaint against the

insured and the language of the policy (*see Cohen v Employers Reinsurance Corp.*, 117 AD2d 435, 438 [1986]). If the underlying action falls within the scope of risk covered by the policy, the insurer is obligated to defend (*see American Home Assur. Co. v Port Auth. of N.Y. & N.J.*, 66 AD2d 269, 277 [1979]). On the other hand, if the allegations, on their face, do not bring the case within the coverage of the policy, there is no duty to defend or indemnify (*see Lionel Freedman, Inc. v Glens Falls Ins. Co.*, 27 NY2d 364, 368 [1971]).

Here, Liberty established its prima facie entitlement to judgment as a matter of law declaring that it was not obligated to defend and indemnify the Burkhart Firm in the underlying action, and the Burkhart Firm failed to raise a triable issue of fact in opposition. The basic coverage provision of the Liberty policy clearly limits coverage to claims which are caused by "any actual or alleged act, error, omission or personal injury which arises out of the rendering or failure to render professional legal services." Inasmuch as there is no allegation of negligence or malpractice arising out of the Burkhart Firm's performance, or failure to perform, legal services, the claim in the underlying action does not fall within the ambit of the policy (*see Tartaglia v Home Ins. Co.*, 240 AD2d 396 [1997]; *Cohen v Employers Reinsurance Corp.*, 117 AD2d 435 [1986]; *George Muhlstock & Co. v American Home Assur. Co.*, 117 AD2d 117 [1986]). For the same reason, the Supreme Court properly denied that branch of the Burkhart Firm's cross motion which was for summary judgment.

The Burkhart Firm's remaining contentions are without merit.

Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that Liberty is not obligated to defend and indemnify the Burkhart Firm in the underlying action entitled *Financial Advisors Legal Association, Inc. v Wexler & Burkhart, P.C.*, commenced in the United States District Court for the Eastern District of New York under case No. 07 Civ 2248 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Rivera, J.P., Ritter, Miller and Dickerson, JJ., concur. [*See* 19 Misc 3d 1112(A), 2008 NY Slip Op 50652(U).]