■ VANTAGE OF JACKSON, LLC, Appellant, v EVEREST NATIONAL INSURANCE Co., Respondent. [925 NYS2d 589]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify Vantage of Jackson, LLC, in an underlying action entitled *Mendoza v Vantage at Jackson, LLC*, pending in the Supreme Court, Queens County, under index No. 26456/08, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme

Court, Nassau County (Mahon, J.), dated June 8, 2010, as granted the defendant's renewed cross motion for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's renewed cross motion for summary judgment is denied.

The defendant issued a commercial general liability insurance policy to the plaintiff in connection with construction work at certain property in Long Island City (hereinafter the property). The policy contained an exclusion (hereinafter the exclusion), which excluded coverage, inter alia, where the claimed injury and liability resulted from, or were caused by, the work of a contractor, subcontractor, or sub-subcontractor, if the contractor, subcontractor, or sub-subcontractor failed to have in force an insurance policy including liability coverage for the benefit of the plaintiff, as well as for the contractor, subcontractor, or sub-subcontractor, for indemnification and contribution claims in the event of a loss. A worker on the property sustained personal injuries, and commenced an underlying personal injury action against the plaintiff. After the plaintiff submitted a claim to the defendant, the defendant disclaimed coverage, relying on the exclusion. The plaintiff commenced this action, inter alia, for a judgment declaring that the defendant was obligated to defend and indemnify the plaintiff in the underlying action. In an order dated March 5, 2010, the Supreme Court, inter alia, denied the defendant's cross motion for summary judgment, without prejudice to renew. In the order appealed from, the Supreme Court, inter alia, granted the defendant's renewed cross motion for summary judgment. We reverse that order insofar as appealed from.

"To be relieved of its duty to defend on the basis of a policy exclusion, 'an insurer must establish that the exclusion is stated in clear and unmistakable language, is subject to no other reasonable interpretation, and applies in the particular case' " (*Great Am. Restoration Servs., Inc. v Scottsdale Ins. Co.*, 78 AD3d 773, 776 [2010], quoting *Belt Painting Corp. v TIG Ins. Co.*, 100 NY2d 377, 383 [2003]). Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law by demonstrating that the exclusion applied. Although the defendant argued that the exclusion was applicable because the plaintiff was not covered under its contractor's policy of insurance, the defendant failed to include the contractor's policy with its motion papers (*cf. Empire Ins. Co. v Insurance Corp. of N.Y.*, 40 AD3d 686, 688 [2007]; *Zurich Am. Ins. Co. v Argonaut Ins. Co.*, 204 AD2d 314, 315 [1994]; *see also American Motorists*

*Ins. Co. v Greater N.Y. Mut. Ins. Co.*, 255 AD2d 190 [1998]). Instead, it only included a conclusory and unsworn letter from the contractor's insurer to the plaintiff, disclaiming coverage. This was insufficient to establish that the plaintiff was not covered by its contractor's policy and, thus, insufficient to meet the defendant's prima facie burden of demonstrating that the exclusion applied. Accordingly, the Supreme Court should have denied the defendant's renewed cross motion for summary judgment.

In light of our determination, we need not address the plaintiff's remaining contentions. Rivera, J.P., Florio, Dickerson and Eng, JJ., concur.