# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STEADFAST INSURANCE )
COMPANY, )
                     )
                     )
            **Plaintiff,** )
                     )
     **v.**                    )   **C.A. No.: N18C-03-291 PRW CCLD**
                     )
**DBI SERVICES, LLC,** )
                     )
         **Defendant.** )

Submitted: July 15, 2019
Decided: July 25, 2019

## ORDER REFUSING TO CERTIFY AN INTERLOCUTORY APPEAL

This 25th day of July, 2019, upon consideration of Plaintiff Steadfast Insurance Company's application under Rule 42 of the Supreme Court for an order certifying an appeal from the interlocutory order of this Court, dated June 24, 2019,[1] it appears to the Court that:

(1) This is an insurance coverage action in which Plaintiff Steadfast Insurance Company denied it had any duty to defend and/or indemnify Defendant

---

[1] *See Steadfast Insurance Co. v. DBi Services, LLC,* 2019 WL 2613195 (Del. Super. Ct. June 24, 2019).

DBi Services, L.L.C.,[2] under a Contractor's Protective Professional Indemnity and Liability Insurance Policy (the "Policy").

(2)    Steadfast has now applied, under Delaware Supreme Court Rule 42, for this Court to certify its grant of DBi's partial motion for summary judgment on the issue of whether Steadfast had a duty to defend DBi under the Policy to the Supreme Court.[3]  Steadfast maintains that this Court inappropriately rendered a case dispositive decision on the duty to defend, overlooking well-established New York law and ruling on contractual provisions as a matter of first impression under New York law.  Steadfast claims that its application meets the criteria listed in Rules 42(b)(i)[4] and 42(b)(iii)(G) and (H).[5]

(3)    Under Rule 42, the Court must: (a) determine that the order to be certified for appeal "decides a substantial issue of material importance that merits

---

[2]    DBi is a corporation that provides highway operations and maintenance services to public entities. *See Flexstake, Inc. v. DBI Servs., LLC*, 2018 WL 6270972, at *1 (S.D. Fla. Nov. 30, 2018).

[3]    *See* Pl.'s Appl. for Certification of Interlocutory Appeal at 1 (July 3, 2019) (D.I. 70) [hereinafter "Pl.'s Appl."].

[4]    *Id.* at 3. *See* Del. Sup. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by [the Supreme Court] unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

[5]    Pl.'s Appl. at 4-5. *See* Del. Sup. Ct. R. 42(b)(iii)(G) ("Review of the interlocutory order may terminate the litigation. . . ."); *id.* at (H) ("Review of the interlocutory order may serve considerations of justice."); *id.* ("[T]he trial court should identify whether and why the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the interests of justice.").

appellate review before a final judgment;"[6] (b) decide whether to certify via consideration of the eight factors listed in Rule 42(b)(iii);[7] (c) consider the Court's own assessment of the most efficient and just schedule to resolve the case; and then (d) identify whether and why the likely benefits of interlocutory review outweigh

---

[6]  Del. Supr. Ct. R. 42(b)(i).

[7]  Del. Supr. Ct. R. 42(b)(iii)

> (A) The interlocutory order involves a question of law resolved for the first time in this State;
>
> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
>
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
>
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
>
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
>
> (G) Review of the interlocutory order may terminate the litigation; or
>
> (H) Review of the interlocutory order may serve considerations of justice.

the probable costs, such that interlocutory review is in the interests of justice.[8] "If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[9]

(4) Steadfast requests the Court's certification of its June 24, 2019 grant of DBi's partial motion for summary judgment.[10] The Court considers Steadfast's application under the rigorous standards of Rule 42.[11]

(5) The Court must first determine if the order that Steadfast seeks certification of "decides a substantial issue of material importance that merits appellate review before a final judgment."[12] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[13] The Delaware Supreme Court has before refused to entertain

---

[8]    *Id.* Those "probable costs" are informed, in part, by Rule 42(b)(ii), *i.e.*, interlocutory appeals "disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources." Del. Supr. Ct. R. 42(b)(ii) (2016).

[9]    *Id.*

[10]    *See* Pl.'s Appl. at 1.

[11]    *TowerHill Wealth Mgmt., LLC v. Bander Family P'ship, L.P.*, 2008 WL 4615865, at *2 (Del. Ch. Oct. 9, 2008) (citing Donald J. Wolfe, Jr. & Michael A. Pittenger, CORPORATE AND COMMERCIAL PRACTICE IN THE DELAWARE COURT OF CHANCERY § 14.04 (2008) (noting that Rule 42 contains "rigorous criteria" and the Supreme Court requires "strict compliance with Rule 42")).

[12]    Del. Supr. Ct. R. 42(b)(i).

[13]    *Id. See Sprint Nextel Corp. v. iPCS , Inc.*, 2008 WL 2861717, at *1 (Del. Ch. July 22, 2008) ("The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters.").

-4-

interlocutory appeals of decisions in contract cases.[14] This is because "[a]s a general matter, issues of contract interpretation are not worthy of interlocutory appeal."[15] While the Court agrees that there are no New York reported decisions interpreting the specific policy language at issue, this dearth does not create a "substantial issue of material importance" out of a mere contract dispute.[16] That might end it there. But engaging the remainder of the Rule 42 analysis further convinces the Court that certification for interlocutory review is not in the interests of justice in this case and should be refused.

(6)     The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, th[is] [ ] [C]ourt should identify whether and why the likely benefits . . . outweigh the probable costs, such that interlocutory review is in

---

[14]     *See, e.g., Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (Del. 2016) (refusing to grant interlocutory appeal of a Delaware Superior Court decision addressing cross-motions for summary judgment in an insurance coverage dispute turning on issues of contract interpretation); *Robino-Bay Court Plaza, LLC v. W. Willow-Bay Court, LLC*, 941 A.2d 1019 (Del. 2007) (refusing to grant interlocutory appeal when the underlying issue was one of Delaware contract interpretation).

[15]     *REJV5 AWH Orlando, LLC v. AWH Orlando Member, LLC*, 2018 WL 1109650, at *3 (Del. Ch. Feb. 28, 2018), *appeal refused*, 182 A.3d 115 (Del. 2018).

[16]     *McKnight v. USAA Cas. Ins. Co.*, 872 A.2d 959 (Del. 2005) (affirming the Delaware Superior Court's refusal to certify an interlocutory appeal because "while the particular exclusion at issue ha[d] not previously been interpreted in Delaware, the trial court applied well-established principles of contract interpretation and thus the case did not involve a matter of first impression.").

the interests of justice."[17]  Here, Steadfast argues that two of the eight factors are met.  But the Court disagrees.

(7)  The Court does not believe that a successful interlocutory appeal on the duty to defend issue would necessarily terminate the litigation in its entirety.  In making its June 2019 decision on the then-pending cross-motions for summary judgment, the Court noted that the duty to indemnify is distinct from the duty to defend.[18]  With separate measurement dates and different criteria,[19] it is inappropriate for Steadfast to conflate the two duties for purposes of its application.  The Court did not take up Steadfast's invitation to do so in deciding the case.  And the Court cannot now endorse Steadfast's view that any duty to indemnify is wholly dependent on a positive or negative finding of a duty to defend.  One can, under the right circumstances, exist without the other.

(8)  Nor does the Court believe that certification would promote the most efficient and just schedule to resolve this case.  In fact, Steadfast's contention that

---

[17]  Del. Supr. Ct. R. 42(b)(iii) (2016).

[18]  *See Steadfast Ins. Co. v. DBi Servs., LLC*, 2019 WL 2613195, at *11 (Del. Super. Ct. June 24, 2019).

[19]  *See, e.g., Servidone Const. Corp. v. Security Ins. Co.*, 477 N.E.2d 441, 444 (N.Y. 1985) ("The duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person."); *Cohen v. Employers Reinsurance Corp.*, 503 N.Y.S.2d 33, 34 (N.Y. App. Div. 1986) ("With respect to the obligation to defend, the question is whether the plaintiff can state facts which bring the insured within the coverage of the policy. The obligation to pay depends upon the outcome of the action.").

interlocutory review will conserve judicial resources again rests on the misguided notion that the duty to defend and the duty to indemnify are functionally the same. Even if interlocutory appeal would terminate this litigation a bit faster than through the appeal process, the Court does not find that these two (of eight) factors warrant granting Steadfast's certification request when considering the totality of the circumstances.[20] The posited benefits of the interlocutory review Steadfast now seeks simply do not outweigh the probable costs, such that the proposed interlocutory review is in the interests of justice. The Court finds, therefore, that Steadfast has failed to meet the strict standards for certification under Rule 42.[21]

(9) "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[22] This case is not exceptional. And so the Court must refuse to certify this interlocutory appeal.

---

[20] *See* Del. Supr. Ct. R. 42(b) ("If the balance is uncertain, the trial court should refuse to certify the interlocutory appeal.").

[21] *See, e.g., Liberty Mut. Ins. Co. v. Silva-Garcia,* 2012 WL 4165653, at *3 (Del. Super. Ct. Sept. 5, 2012) ("[B]efore the Supreme Court will accept an interlocutory appeal, the party seeking the appeal must adhere to the strict requirements set forth in the rule.").

[22] Del. Supr. Ct. R. 42(b)(ii).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Steadfast Insurance Company's Application for Certification of Interlocutory Appeal is hereby **DENIED.**

**Paul R. Wallace, Judge**

Original to Prothonotary
cc:  All counsel via File & Serve